R. V. BOARD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18534. Promulgated January 7, 1930.

*Elwood Hamilton, Esq.,* for the petitioner.
*A. H. Fast, Esq.,* for the respondent.

651

OPINION.

TRAMMELL: The issue in this proceeding involves, first, the application of the doctrine of constructive receipt of salary due the petitioner from the Wagon Co., which was credited to him on its books in the taxable years, and, second, whether the notes executed and delivered to the petitioner by the Refining Co. for salary in the same years constituted taxable income to him at their face value.

Concerning the doctrine of constructive receipt, we said, in *John A. Brander*, 3 B. T. A. 231:

This doctrine, as we have made clear in several appeals, is not to be applied lightly, but only in situations where it is clearly justifiable. When taxable income is consistently computed by a citizen on the basis of actual receipts, a method which the law expressly gives him the right to use, he is not to be defeated in his *bona fide* selection of this method by "construing" that to be received of which in truth he has not had the use and enjoyment.

Again, in *Northern Trust Co. et al., Executors of Nartzik*, 8 B. T. A. 685, we said:

Before it should be held that a taxpayer constructively received income in any taxable year when he did not, in fact, come into possession of the money or property, it should appear beyond question that the taxpayer, although at liberty, considering the financial requirements and needs of the corporation, to withdraw the amount due him, deliberately chose not to draw or receive the amount owing by the corporation.

We think it is established by a clear preponderance of the evidence in the instant case that the amounts credited to the petitioner on the books of the Wagon Co. for salary in the taxable years were not constructively received by him and do not constitute income beyond the portions actually paid to him in cash in those years. The company was in a precarious financial condition, and was being operated largely with funds loaned to it by the petitioner. Bankruptcy proceedings were instituted against the company in 1921, again in 1922,

and it was finally forced into involuntary bankruptcy in 1924. Considering the financial requirements of the company and its general situation in the taxable years, it can not, in our opinion, be fairly said that the amounts credited to the petitioner's account on its books for salary were within his control and disposition, or that he deliberately chose not to receive them. The action of the respondent on this point is reversed.

On the second point the action of the respondent must also be disapproved. It is a well settled rule that unsecured promissory notes received as compensation for personal services constitute income in the year received only to the extent of their fair market value. *A. M. Nichols*, 15 B. T. A. 1155. See, also, *Walter T. Smith*, 4 B. T. A. 397; *John B. Nordholt*, 4 B. T. A. 509; *Percy K. Hexter*, 8 B. T. A. 888.

The evidence here shows that during the taxable years, the Refining Co. was in a bad financial condition, operating its business largely on credit, and that the notes given by it to the petitioner for salary had no fair market value.

The petitioner consistently reported his income on the basis of cash receipts, and during 1922 received in cash, on account of salary due from the two corporations of which he was president, the total amount of $6,216.83, consisting of $3,716.83 from the Wagon Co. and $2,500 from the Refining Co. In 1923 he received the aggregate amount of $9,669.40, consisting of $7,169.40 from the Wagon Co. and $2,500 from the Refining Co. The deficiencies involved should be recomputed by including in the petitioner's gross income only said amounts so received in the respective taxable years.

*Judgment will be entered under Rule 50.*